UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JOHN DEL SIMMONS, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | EP-22-CV-00101-KC-ATB |
| | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## REPORT AND RECOMMENDATION

Presently before the Court is "Plaintiff's Motion for Authorization of Attorney Fees Pursuant to 42 [U.S.C.] § 406(b)" (ECF No. 25). Although the motion is styled as one submitted by Plaintiff John Del Simmons, the real party in interest is Attorney Bryan Konoski,[1] who represented Simmons before this Court on his appeal, pursuant to 42 U.S.C. § 405(g), from the final decision of the Commissioner of the Social Security Administration (SSA) denying his claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*[2] Pursuant to 28 U.S.C. § 636(b)(1)(B), and the Honorable District Judge Kathleen Cardone's standing order,[3] the motion was referred to the undersigned Magistrate Judge for a

---

[1] *See Jeter v. Astrue*, 622 F.3d 371, 374 & n.1 (5th Cir. 2010) (explaining that attorney is the real party in interest on a fee motion under 42 U.S.C. § 406(b) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002))). Hereinafter, the Court will refer to the motion as Konoski's motion.

[2] Pl.'s Mot for Authorization of Att'y Fees Pursuant to 42 U.S.C. § 406(b) at ¶ 3 [hereinafter Pl.'s § 406(b) Fee Mot.], ECF No. 25.

[3] *See* https://www.txwd.uscourts.gov/wp-content/uploads/2022/12/Standing-Order-Regarding-Civil-Case-Assignments.pdf.

report and recommendation.[4]  For the reasons that follow, the Court finds that the motion should be **GRANTED**.

## I.   BACKGROUND

In April 2020, Simmons, then 47 years old, filed a claim for disability insurance benefits with the SSA, alleging disability beginning on May 1, 2019.[5]  His claim was denied initially in August 2020 and on reconsideration in December 2020.  In October 2021, after holding a hearing, Administrative Law Judge (ALJ) Charles L. Brower issued a written decision, finding that Simmons was not disabled and denied his claim.[6]  In December 2021, the SSA's Appeals Council denied Simmons's request for review of the ALJ's decision, and thereby, the ALJ's decision became the final decision of the Commissioner and ripe for appeal to federal court.[7]

---

[4] *See* 28 U.S.C. § 636(b)(1)(B) (A district "judge may . . . designate a magistrate judge . . . to submit to [the district] judge . . . proposed findings of fact and recommendations for the disposition . . . of any motion excepted in subparagraph (A)" of § 636(b)(1).); Fed. R. Civ. P. 72(b)(1) (providing that on a dispositive motion, "[t]he magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact"); Fed. R. Civ. P. 54(d)(2)(D) ("[T]he court . . . may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a *dispositive* pretrial matter." (emphasis added)); *see also McCombs v. Meijer, Inc.*, 395 F.3d 346, 360 (6th Cir. 2005) ("A Magistrate Judge is not permitted to determine costs or fees, but may make a report and recommendation to the district court on such issues."); *Est. of Conners v. O'Connor*, 6 F.3d 656, 659 (9th Cir. 1993) (similar); *cf. also Baylor v. Mitchell Rubenstein & Assocs., P.C.*, 857 F.3d 939, 947 (D.C. Cir. 2017) ("[W]e join a number of our sister circuits in requiring that motions for attorney's fees be reviewed *de novo* if referred to a Magistrate Judge and properly objected to." (citing cases from the Second, Sixth, and Tenth Circuits)).

[5] Tr. of Admin. R. [hereinafter Tr.] at 24, 26, 35, ECF No. 11.

[6] *Id.* at 36.

[7] *See* 42 U.S.C. § 405(g) (providing that a claimant may obtain judicial review of any "final decision" of the Commissioner of Social Security); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) ("[W]hen the Appeals Council denies a request for review, the ALJ's decision becomes the Commissioner's final decision.").

During the administrative proceedings, Simmons was represented by attorneys from an El Paso, Texas, law firm.[8]  For his appeal to federal court, Simmons sought out the services of Konoski, who offices in East Brunswick, New Jersey.[9]  In January 2022, Konoski and Simmons executed a contingent-fee agreement, agreeing that Konoski would represent Simmons in federal court review of the denial of Simmons's benefits claim in exchange for 25% of "the past-due benefits that are awarded to [Simmons's] family and [him] in the event that [his] case is won."[10]

In March 2022, Konoski filed Simmons's appeal in this Court.  Six months later, in September 2022, Konoski filed a brief on behalf of Simmons, arguing that the ALJ's decision denying Simmons's claim must be vacated and his claim must be remanded for further proceedings because the ALJ committed reversible errors.[11]  A month later, in October 2022, the Commissioner filed a motion to reverse the ALJ's decision and remand this case for further administrative proceedings, pursuant to the fourth sentence of 42 U.S.C. § 405(g).[12]  On October 5, 2022, Judge Cardone granted the Commissioner's motion.[13]

On October 25, 2022, Simmons filed a stipulated motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d);[14] therein, Simmons requested an

---

[8] Tr. at 45, 126.

[9] Pl.'s § 406(b) Fee Mot. Ex. B at 1 (fee agreement), ECF No. 25-2.

[10] *Id.*

[11] Pl.'s Br. at 25, ECF No. 13.

[12] Def.'s Mot. for Reversal & Remand at 1, ECF No. 14.

[13] Order, ECF No. 15.

[14] Under the EAJA, "a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the Government's position in the litigation was not 'substantially justified.'"  *Gisbrecht*, 535 U.S. at 796 (quoting 28 U.S.C. § 2412(d)(1)(A)).

award in the amount of $8,500.00.[15]  Judge Cardone granted the EAJA motion and awarded

$8,500.00 in fees, payable directly to Konoski.[16]

On remand, an ALJ issued a decision finding that Simmons became disabled beginning

on August 1, 2022, and approved his benefits claim.[17]  On February 10, 2025, the SSA issued a

notice of award as to Simmons, and on May 24, 2025, it issued two notices of award as to

Simmons's minor children, K.J.S. and A.M.S.[18]  The agency awarded Simmons and his children

"past-due benefits" totaling $93,070.00,[19] and of that amount, the agency withheld a total of

$21,868.50 for possible future payments of fees under 42 U.S.C. § 406.[20]

On February 10, 2026, Konoski filed the instant motion seeking the Court's authorization

for attorney's fees pursuant to 42 U.S.C. § 406(b).[21]  On February 12, the Commissioner filed a

---

[15] Stipulated Mot. for Award under EAJA at 1 [hereinafter Pl.'s EAJA Fee Mot.], ECF No. 17. Earlier, Simmons filed another motion for fee under the EAJA, wherein he requested an award in the amount of $11,338.75.  Pl.'s Mot. for Award of Att'y Fees Pursuant to EAJA at 1 [hereinafter Pl.'s Initial EAJA Fee Mot.], ECF No. 16.

[16] Pl.'s EAJA Fee Mot. at 1; Order at 2, ECF No. 18.  In the fee agreement between Simmons and Konoski, Simmons assigned any court-awarded EAJA fee payments to Konoski.  Pl.'s § 406(b) Fee Mot. Ex. B at 1.

[17] Pl.'s § 406(b) Fee Mot. at ¶ 4; *id.* Ex. A at 2, ECF No. 25-2.

[18] Pl.'s § 406(b) Fee Mot. Ex. A at 1; Def.'s Ct.-Ordered Submission Attachs. 1, 2, 3, ECF Nos. 30-1, 30-2, 30-3.

[19] Specifically, the past-due benefits awards were as follows: $58,674.00 to Simmons for the period between January 2023 and December 2024, Def.'s Ct.-Ordered Submission Attach. 1 at 2, $17,198.00 to K.J.S. for the period between January 2023 and April 2025, *id.* Attach. 2 at 5, and $17,198.00 to A.M.S. for the period between January 2023 and April 2025, *id.* Attach. 3 at 5.

[20] The agency withheld $14,668.50 from Simmons's past due benefits, Def.'s Ct.-Ordered Submission Attach. 1 at 2, and $3,600.00 each from the children's past-due benefits, *id.* Attach. 2 at 5; *id.* Attach. 3 at 5.

[21] Previously, the Court granted Konoski an extension of time to file the fee motion.  Order, ECF No. 20.

response to the motion.[22]  Thereafter, at the request of the Court, the Commissioner submitted the copies of the children's notices of award, which, previously, Konoski could not obtain through alternative means,[23] and Konoski filed a supplemental brief in view of these notices of award.[24]  Konoski attests that by mail, he served Simmons with the copies of the instant motion and the supplemental brief.[25]

## II.   DISCUSSION

### A.  Applicable Laws

Section 206 of the Social Security Act, codified at 42 U.S.C. § 406, regulates the fees that attorneys may charge for representing a Title II claimant: § 406(a) governs fees for representation in administrative proceedings, whereas § 406(b) governs fees for representation in court.  Section 406(b), which is at issue here, provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow . . . a *reasonable* fee for such representation, not in excess of 25 percent of the total of *the past-due benefits* to which the claimant is entitled *by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A) (emphasis added).  An award of benefits made "after a court-ordered remand is an award made 'by reason of' the court's judgment."  *Jackson v. Astrue*, 705 F.3d 527, 529–30 (5th Cir. 2013).

---

[22] Def.'s Resp. to Pl.'s § 406(b) Fee Mot., ECF No. 27.

[23] Def.'s Ct.-Ordered Submission, ECF No. 30.

[24] Pl.'s Suppl. Br., ECF No. 31.

[25] Pl.'s § 406(b) Fee Mot. at 9; *see also, e.g.*, Pl.'s Proof of Serv., ECF No. 31-1.

As reflected in the statutory text, § 406(b) caps the fee for representation in court at 25% of the "past-due benefits."[26]  "Past-due benefits" means "the total amount of benefits under [T]itle II of the Act that has accumulated to *all beneficiaries* because of a favorable administrative . . . decision, up to but not including the month the . . . decision is made."  20 C.F.R. § 404.1703 (emphasis added).  Therefore, the 25% cap is computed based on the accumulated benefits awarded to the claimant *and* any such benefits awarded to "the claimant's dependent family members by virtue of the claimant's disability."  *Mifflin-Kee v. Saul*, No. SA-19-CV-00576-XR, 2023 WL 2474209, at *2 (W.D. Tex. Mar. 13, 2023) (citing *Hopkins v. Cohen*, 390 U.S. 530, 535 (1968)).[27]

Section 406(b) "requires an affirmative judicial finding that the fee allowed is 'reasonable,'" and a prevailing attorney seeking fee award bears the burden to "show that the fee sought is reasonable for the services rendered."  *Gisbrecht*, 535 U.S. at 807 & n.17.  Where, as here, a contingent-fee agreement exists,[28] in assessing the reasonableness of the requested fee, the court may not employ, as the starting point, the "lodestar" method—the cardinal method for determining reasonable fees under fee-shifting statutes.  *Id.* at 792, 808; *Jeter*, 622 F.3d at 378.[29]

---

[26] For an attorney representing a Social Security disability benefits claimant, "[c]ollecting or even demanding from the client anything more than the statutorily authorized [cap] is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. § 406(b)(2)).

[27]  *See also Hopkins*, 390 U.S. at 534–35 (holding that attorney fee award of percentage of "past-due benefits to which the claimant is entitled," as recited in 42 U.S.C. § 406(b)(1)(A), should include percentage of payments to disabled claimant's spouse and children based on his disability).

[28] *See also Rodriquez v. Bowen*, 865 F.2d 739, 743 (6th Cir. 1989) (en banc) ("Most fees in social security cases are pre-arranged on a contingency basis due to the indigency of a great number of the claimants.").

[29] Under the lodestar method, a court determines, as the starting point, the "lodestar," *i.e.*, "the number of attorney hours reasonably expended . . . multiplied by a reasonable hourly rate."  *Brown v. Sullivan*, 917 F.2d 189, 192 (5th Cir. 1990), *abrogated on other grounds by Gisbrecht*, 535 U.S. at 799. "Once determined," the lodestar "may be adjusted upward or downward" based on case-specific

Instead, the court must "look[] first to the contingent-fee agreement," giving it "primacy." *Gisbrecht*, 535 U.S. at 793, 808. The court may then appropriately reduce the fee amount— where (1) the attorney unnecessarily delayed the court proceedings in order to accumulate past-due benefits during the pendency of the case and thereby to receive a large fee award, or (2) the requested fee constitutes an unreasonable windfall for the attorney. *Id.* at 808; *Jeter*, 622 F.3d at 380 & n.10. In particular, if the requested fee would be an unearned windfall, the court may award a fee based on an "effective hourly fee rate" that is less than the *de facto* hourly rate—*i.e.*, the ratio of the requested fee amount to the number of hours expended. *Jeter*, 622 F.3d at 376, 380; *see also id.* at 376, 381 & n.11 (approving lower court's fee award based on an effective hourly rate of $312.50, whereas the *de facto* hourly rate was $846.88).

In determining whether the requested fee constitutes an unreasonable windfall, the court considers the following non-exhaustive list of "windfall" factors: (1) the attorney's skill and experience; (2) the character of the representation; (3) the results the attorney achieved for the claimant; (4) the difficulty of the case; (5) the attorney's risk of loss in the representation; (6) the percentage of the past-due benefits the fee constitutes; and (7) the deviation of the *de facto* hourly rate from the attorney's customary hourly rate for noncontingent-fee cases. *Jeter*, 622 F.3d at 382; *Gisbrecht*, 535 U.S. at 808. In addition, the court may consider a reasonable hourly rate determined under the lodestar method—we will call it, the "lodestar hourly rate"—to evaluate whether awarding the fee as requested would result in an unearned windfall. *See Jeter*, 622 F.3d at 377, 381–82; *see also id.* at 380 ("[C]ourts may consider the lodestar in their

---

consideration of the *Johnson* factors. *Id.* at 192–93 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–18 (5th Cir. 1974)).

analyses so long as the court can articulate additional factors demonstrating that the excessively high fee would result in an unearned advantage.").

## B.  Analysis

Pursuant to 42 U.S.C. § 406(b), Konoski requests an award of attorney's fees in the amount of $21,168.50 for his work before this Court.   Pl.'s Suppl. Br. at 1.  Ultimately, however, Konoski requests a net total of $12,668.50, after subtracting $8,500.00—the amount that Judge Cardone authorized and Konoski was paid under the EAJA—from the requested § 406(b) amount.  *Id*. at 1; EAJA Order at 2; *see also Gisbrecht*, 535 U.S. at 796 (Where fees are awarded under both the EAJA and § 406(b), the attorney "must refund to the claimant the amount of the smaller" of the two awards.)

The Commissioner—who "has no direct financial stake" on this motion and plays a part "resembling that of a trustee" for Simmons, *Jeter*, 622 F.3d at 374 n.1—takes no position on the fee amount requested by Konoski.  Def.'s Resp. to Pl.'s § 406(b) Fee Mot. at 1.  However, the Commissioner points out that the agency withholds, at most, 25% of a claimant's past-due benefits for possible payments of authorized fee awards, that the benefits withheld is a single pool, from which the agency may directly pay attorney's fees for both agency representation under § 406(a) and court representation under § 406(b), and that authorized fee awards are paid out in the order received.  *Id.* (citing *Culbertson v. Berryhill*, 586 U.S. 53, 60–61 (2019), and POMS GN 03920.050).  For these reasons, the Commissioner requests that the Court specify in its order that any amount it authorizes in § 406(b) fees is "to be paid out of Plaintiff's past-due benefits *in accordance with agency policy*."  *Id.*  This is a sound request.

As mentioned, Konoski requests $21,168.50 pursuant to the contingent-fee agreement he and Simmons executed.  The agreement provides that Konoski may receive as the fee an amount

equal to 25% of "the past-due benefits that are awarded to [Simmons's] family and [him]."  Pl.'s § 406(b) Fee Mot. Ex. B at 1.  The requested fee amount represents 23.5% of the past-due benefits award ($93,070.00) and therefore falls within both the agreed-upon fee amount and the statutory cap under § 406(b).  Giving primacy to the fee agreement, the Court examines whether the requested fee amount should be reduced on the grounds of "unnecessary delay" and "unreasonable windfall."  *See ante*.

The record does not reflect that Konoski acted to unnecessarily delay the prosecution of this case.  Konoski requested a 30-day extension to file Simmons's opening brief but ultimately filed the brief within 3 weeks following the original deadline for filing the brief.  *See* Pl.'s Br.; Pl.'s Mot. for Extension, ECF No. 12.

Turning to the windfall factors, the first three factors strongly suggest that the requested fee would not be an unearned windfall.  Konoski's skill and experience in handling Social Security disability appeals at federal court are adequately demonstrated.  *See* Pl.'s § 406(b) Fee Mot. at ¶¶ 15–24.  The character of the representation was not substandard: Konoski submitted a 25-page brief on behalf of Simmons, addressing three principal grounds for reversal of the ALJ's decision, and the brief suggests that Konoski undertook substantial legal research and an adequate review of the administrative record.  The Commissioner's decision to move for remand, rather than respond to Simmons's brief, further bears on the character of the representation.  Konoski also achieved substantial results both for Simmons and his two minor children: They were awarded substantial past-due benefits totaling $93,070.00, along with ongoing monthly benefits payments in the amount of $2,354.00 for Simmons and $634.00 for each child.  Def.'s Ct.-Ordered Submission Attach. 1 at 2; *id.* Attach. 2 at 1; *id.* Attach. 3 at 1.

The fourth and fifth windfall factors are neutral. Based on the issues presented in Simmons's brief, his appeal presented neither a difficult case, nor an easy case. While "[c]ounsel always are accepting some risk in taking social security cases under contingency fee contracts because, statistically, roughly fifty percent will lose at the district court level," *Jeter*, 622 F.3d at 379 n.9, there is no indication that Simmons's case presented any elevated risk.

The remaining factors do not suggest that the requested fee would be an unearned windfall for Konoski. The requested fee amount ($21,168.50) represents 23.5% of the past-due benefits award ($93,070.00), which is less than the 25% statutory cap. *See Lewis v. Sec'y of Health & Human Servs.*, 707 F.2d 246, 250 (6th Cir. 1983) ("Routine approval of the statutory maximum allowable fee should be avoided in all cases."). It also represents a *de facto* hourly rate of $588.00.[30] And according to a declaration that Konoski submitted in October 2022, his noncontingent hourly rate varies between $350.00 to $450.00, Konoski Declr. at ¶ 4; adjusted for inflation, Konoski's noncontingent hourly rate is approximately between $375.00 and $485.00 in May 2025 dollars.[31] Thus, the *de facto* hourly rate is approximately 1.2 to 1.6 times his

---

[30] Here, the *de facto* hourly rate is computed based on the earlier fee award under the EAJA and the fee requested under 42 U.S.C. § 406(b) as follows. According to a timesheet that Konoski submitted with the EAJA fee motion and this motion, Konoski and a second attorney at his law firm, Rachel Thomasson, expended 44.45 hours on this case. Pl.'s § 406(b) Fee Mot. Ex. C, ECF No. 25-2. Although, initially, Konoski, on behalf of Simmons, requested an EAJA award in the amount of $11,338.75, ultimately, Konoski stipulated to an award in the amount of $8,500.00. *Compare* Pl.'s Initial EAJA Fee Mot. at 1, *with* Pl.'s EAJA Fee Mot. at 1. And for purposes of the EAJA motion, Konoski's and Thomasson's hourly rates were $235.00. Konoski Declr. at ¶ 15, ECF No. 16. Based on the stipulated EAJA fee amount and the EAJA hourly rate, Konoski and Thomasson expended 36 hours ($8,500.00 divided by $235.00). The fact that Konoski stipulated to the EAJA award suggests that 36, not 44.45, hours were necessary for this case. In turn, therefore, dividing the requested § 406(b) fee amount of $21,168.50 by 36 hours results in a *de facto* hourly rate of $588.00.

[31] Conversion was done using the Bureau of Labor Statistics's CPI Inflation Calculator available at https://data.bls.gov/cgi-bin/cpicalc.pl. *See Puga v. RCX Sols., Inc.*, 922 F.3d 285, 298 n.12 (5th Cir. 2019) (using the Bureau of Labor Statistics's CPI Inflation Calculator). Further, the conversion was done in May 2025 dollars because, by that time, the agency issued all notices of award relevant to Simmons's benefits claim—rendering a motion under 42 U.S.C. § 406(b) ripe for filing. *See, e.g., McGraw v.*

noncontingent hourly rate. In addition, in an earlier case, this Court determined that Konoski's lodestar hourly rate is $350.00. *Ramirez v. Kijakazi*, No. EP-22-CV-00144-KC-ATB, 2025 WL 1191013, at *6 (W.D. Tex. Apr. 17, 2025).[32] Thus, the *de facto* hourly rate of $588.00 is approximately 1.7 times Konoski's reasonable hourly rate under the lodestar method.

In sum, considering the windfall factors in combination, the Court finds that the requested fee in the amount of $21,168.50 does not constitute an unreasonable windfall. No fee reduction is warranted. The Court concludes that the requested fee is reasonable under 42 U.S.C. § 406(b). Finally, subtracting $8,500.00 (which Konoski previously received under the EAJA) from $21,168.50 yields a net award in the amount of $12,668.50.[33]

## III. CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff John Del Simmons's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (ECF No. 25) be **GRANTED**.

---

*Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006) ("A motion for an award of fees under § 406(b)(1) should be filed within a reasonable time of the Commissioner's decision awarding benefits.").

[32] In determining Konoski's lodestar hourly rate in *Ramirez*, the Court assumed that Konoski had about 20 years of experience in Social Security disability matters based on the date of his admission to practice law in the State of New York. *Ramirez*, 2025 WL 1191013, at *6. As mentioned, a second attorney, Thomasson, worked on this case, and she is admitted to practice law in the State of North Carolina. Thomasson Declr., ECF No. 16. A North Carolina State Bar website indicates that Thomasson was admitted in that jurisdiction in 2008 and therefore appears to have approximately 17 years of experience. *See* https://www.ncbar.gov/for-the-public/finding-a-lawyer/ (navigate to the "Lawyer Directory" page) (last visited on May 14, 2026). Consequently, the Court assumes that her lodestar hourly rate would be the same as Konoski's.

[33] This method of awarding a net fee is often called the "netting" method, which is permissible. *O'Donnell v. Saul*, 983 F.3d 950, 953, 959 (7th Cir. 2020); *see also Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010) ("Although an attorney who receives fees under both the EAJA and 42 U.S.C. § 406(b) must refund the smaller fee to his client, the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) fee request."); *Ramirez*, 2025 WL 1191013, at *8 n.40 (discussing "netting" method and "direct-refund" method).

**IT IS THEREFORE RECOMMENDED** that Attorney Bryan Konoski be **AWARDED**

attorney's fees under 42 U.S.C. § 406(b) in the **NET** amount of **$12,668.50** to be paid out of

Plaintiff's past-due benefits in accordance with agency policy.

**So ORDERED and SIGNED this  14th  day of May 2026.**

**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**